UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JAMES C. BOYETTE | CIVIL ACTION NO. 06-0153 |
| VS. | SECTION P |
| VENETIA T. MICHAEL, WARDEN | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed by *pro se* petitioner James C. Boyette on or about January 24, 2006. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the David Wade Correctional Center, Homer, Louisiana where he is serving a sixty year sentence imposed in 1999 following felony convictions in the Third Judicial District Court, Union Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petition and exhibits along with the presumptively reliable published jurisprudence of the State of Louisiana establish facts sufficient to resolve this matter on initial review. The facts, as noted by the Louisiana Second Circuit Court of Appeals, are as follows:

> Boyette was originally charged with two counts of first degree murder in the deaths of Donald Ray Kendrix and Lee A. Bolton. On the second day of the murder trial, Boyette entered into a plea bargain agreement with the state. Under the terms of the agreement, both charges of first degree murder were dropped and Boyette was allowed to plead guilty to new charges of accessory after the fact to first degree murder, the armed robbery of Lee A.

1

> Bolton, and distribution of cocaine. As part of the plea bargain agreement, Boyette agreed to testify truthfully in the investigation and prosecution of a co-defendant for two counts of first degree murder. The state agreed to recommend a forty-year cap on the sentencing, and that all sentences run concurrent. Boyette also admitted to a pending probation violation. The trial court agreed to accept all of the conditions of the plea bargain agreement, except the proposed sentence cap which it considered as a recommendation only.
>
> On January 5, 1999, Boyette, represented by different counsel than the one who represented him at the plea, filed a motion to withdraw his pleas of guilty. After hearings and testimony regarding the voluntariness of the pleas, the motion to withdraw the guilty pleas was denied on August 17, 1999.
>
> On October 28, 1999, Boyette was sentenced on the three pled offenses. Additionally, his probation was revoked and the original sentence was reinstated to run concurrent with any other sentences. A timely motion to reconsider sentence was filed on October 29, 1999. *State of Louisiana v. James Charles Boyette*, 33, 714, 33,715, 33, 716 (La. App. 2 Cir. 9/27/2000), 768 So.2d 658, 659-660.

Petitioner appealed. His court-appointed appellate counsel argued that the trial court erred when it imposed an excessive sentence and, that the trial court erred in denying petitioner's motion to withdraw his guilty pleas. On September 27, 2000 his conviction and sentence were affirmed. *State of Louisiana v. James Charles Boyette*, 33, 714, 33,715, 33, 716 (La. App. 2 Cir. 9/27/2000), 768 So.2d 658.

On October 4, 2000, petitioner's court-appointed appellate counsel notified petitioner that her representation was terminated. [Doc. 1-1, p. 11] Petitioner did not thereafter seek further direct review by filing an application for writ of *certiorari* in the Louisiana Supreme Court.[1]

---

[1] This fact is confirmed by a review of the published jurisprudence of the State of Louisiana.

On or about July 8, 2004, petitioner filed an Application for *Habeas Corpus*/Motion to Correct an Illegal Sentence in the Third Judicial District Court. Therein petitioner argued that the plea agreement had been breached, that his right to a fair trial had been violated, and that his sentence was unconstitutionally excessive. [Doc. 1-1, paragraph 7] On July 15, 2004, the Application/Motion was denied by the trial court and notice of that ruling was mailed to petitioner. [Doc. 1-1, p. 12]

On July 21, 2004, petitioner applied for supervisory writs in the Second Circuit Court of Appeal. On August 4, 2004, petitioner's writ was denied without prejudice because the writ application did not comply with Uniform Rules Courts of Appeal Rule 4-5. See *State of Louisiana v. James Charles Boyette*, No. 39,256-KH (La. App. 2d Cir. 8/4/2004). [Doc. 1-3, p. 1] Petitioner filed a second writ application on August 16, 2004. On September 2, 2004, that writ application was denied as untimely pursuant to the provisions of LSA C.Cr.P. art. 930.8. The court noted:

> The applicant's conviction and sentence were final in 2000. *State v. Boyette*, 33,714 to 33, 716 (La. App. 2d Cir. 9/27/00), 768 So.2d 658. On July 8, 2004, the applicant filed a "Motion to Correct Illegal Sentence," asserting the same claims raised in the applicant's appeal. The trial court correctly found the motion to be one for post-conviction relief, and as such, untimely filed pursuant to La. C.Cr.P. art. 930.8. Although the applicant filed a motion to correct an illegal sentence, he has not pointed to an illegal term of his sentence, but trial errors more properly cognizable in an application for post-conviction relief if at all. Accordingly, the two-year prescriptive period of La. C.Cr.P. art. 930.8 applies. See *State v. Parker*, 1998-0256 (La. 5/8/98), 711 So.2d 694. See *State of Louisiana v. James Charles Boyette*, No. 39344-KH (La. App. 2 Cir. 9/2/2004). Doc. 1-3, p. 3.

Petitioner then sought review in Louisiana's Supreme Court. On December 16, 2005, that court denied petitioner's writ application citing La. C.Cr.P. art. 9308 and *State ex rel Glover*

*v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189.

Petitioner signed, and thus, for purposes of this analysis, filed his federal petition for *habeas corpus* on January 24, 2006.[2]

## LAW AND ANALYSIS

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

However, the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir.

---

[2] In accordance with the "mailbox rule," that date is the earliest date upon which petitioner's pleadings could be said to have been filed. See *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), wherein a bright-line "mailbox rule" for *pro se* prisoners was established.

[3] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner timely appealed his sentence. The sentence was affirmed by the Second Circuit Court of Appeals on September 27, 2000. *State of Louisiana v. James Charles Boyette*, 33,714-33,716 (La. App. 2 Cir. 9/27/2000), 768 So.2d 658. Petitioner did not seek further direct review by filing an application for writs in Louisiana's Supreme Court. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review" [28 U.S.C. § 2244(d)(1)(A)], thirty days later, on or about October 27, 2000.[4] See *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir.2003) (if defendant stops the appeal process before entry of judgment by court of last resort, the conviction becomes final when the time for seeking further direct review in the state court expires.)

Therefore, petitioner had one year, or until late October, 2001, to file his federal *habeas corpus* suit. He cannot rely on the tolling provision provided by 28 U.S.C. §2244(d)(2) because he did not file a post-conviction pleading until July 2004, and by that time the period of limitations had already long lapsed and could not be revived by the filing of what was ultimately

---

[4] See Louisiana Supreme Court Rule X § 5(a) which provides: "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..." See also *Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000): "Rule X, §5(a) is a procedural requirement governing the time of filing. The rule sets out no specific exceptions to, or exclusions from, this requirement. Indeed, the rule forbids any extension of the thirty-day limit."

determined to be an untimely state application for post-conviction relief.

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). Petitioner offers no factual allegations which would support equitable tolling of the statute of limitations. The petitioner was not actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims. The petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A). Equitable tolling does not apply. Dismissal on those grounds is therefore recommended.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P.**

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 10th day of March, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE